IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CASEY URMEY | : | |
| Plaintiff, | | Case No. 3:24-cv-289 |
| v. | : | JUDGE WALTER H. RICE |
| T & S TREE SERVICE, LLC, et al., | | |
| Defendants. | : | |

DECISION AND ENTRY SUSTAINING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS FOR FAILURE TO WAIVE SERVICE (DOC. #15)

Before the Court is a Motion for Costs and Attorney's Fees Due to the Failure of Defendants Uncle Fred's Tree Service, LLC and Charles Parsons to Waive Service filed by Plaintiff Casey Urmey ("Plaintiff"). Doc. #15. Defendants Uncle Fred's Tree Service, LLC and Charles Parsons (collectively "Uncle Fred's Defendants")[1] failed to respond to the motion within the permitted timeframe and have therefore waived their right to respond.

For the reasons discussed herein, the Plaintiff's motion, Doc. #15, is SUSTAINED IN PART.

---

[1] Two other Defendants, T & S Tree Service, LLC and Tyler Hughes (collectively "T & S Defendants") are unaffected by the present motion and this Decision.

## I. Procedural and Factual Background

Plaintiff initially filed this case on November 1, 2024, against the T & S Defendants. Doc. #1. On March 21, 2025, Plaintiff filed an Amended Complaint naming the Uncle Fred's Defendants for the first time. Doc. #6. The Uncle Fred's Defendants failed to waive service or participate in this case in any way and are currently subject to an entry of default. Doc. #17.

Because the Uncle Fred's Defendants did not waive service, Plaintiff filed a motion on July 22, 2025, seeking to recover attorney fees and costs incurred in conjunction with service pursuant to Fed. R. Civ. P. 4(d)(2).

## II. Legal Standard

Federal Rule of Civil Procedure 4(d) permits a plaintiff to avoid the costs of personal service by providing a defendant with written notice, through first-class mail or other reliable means, of the commencement of an action and with a request that defendant waive service of summons. Once notified, a defendant "has a duty to avoid unnecessary costs of serving the summons." Fed. R. Civ. P. 4(d)(1). The plaintiff "shall allow the defendant a reasonable time to return the waiver, which shall be at least 30 days from the date on which the request is sent." Fed. R. Civ. P. 4(d)(1)(F). If the defendant does not comply with the request, "the court must impose" costs subsequently incurred in effecting service on the defendant unless good cause for the failure is shown. Fed. R. Civ. P. 4(d)(2). Rule 4(d)(2)(A)–(B)

2

provides that the costs to be imposed on a defendant under paragraph (2) for failure to comply with a request to waive service of a summons shall include the costs subsequently incurred in effecting service, together with the "reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." Fed. R. Civ. P. 4(d)(2).

### III. Analysis

Plaintiff's motion seeks an award in the amount of $3,479.36, which includes costs of service in the amount of $313.36 and attorney's fees in the amount of $3,166.00. Doc. #15, PageID #52–53. According to the motion, including the attached affidavit, Plaintiff properly followed the requirements listed in Rule 4(d)(1) to constitute a valid request to waive service. Doc. #15, PageID #55. Yet, the Uncle Fred's Defendants did not waive service, requiring Plaintiff to retain a process server to effectuate proper service. *Id.* at PageID #56. The motion lays out that the costs of using USPS and of hiring the process server amount to $313.36. *Id.* The Court believes that these costs are properly taxed against the non-waiving Defendants pursuant to Rule 4(d)(2)(A).

The request for attorney's fees, on the other hand, is less clear. Plaintiff states that the firm's legal consultant, Adrianne Stella, spent 8.4 hours on the matter, at an hourly rate of $215.00 and that attorney Robb Stoker spent 3.2 hours on the

3

matter, at an hourly rate of $425.00, leading to a sum of $3,166.00. Doc. #15, PageID #56–57.

The Court begins by noting that this request for attorney's fees is noticeably higher than many awards in similar cases. *See Wilson v. D & N Masonry, Inc.*, No. 1:12-cv-922, 2013 WL 3148410 (S.D. Ohio June 19, 2013) (Black, J.) (awarding attorney's fees of $324.60); *Kendell v. Shanklin*, No. 2:20-cv-985, 2020 WL 7389331 (S.D. Ohio Dec. 16, 2020) (Jolson, M.J.) (awarding attorney's fees of $565.63); *Schaller v. Nat. All. Ins. Co.*, 496 F. Supp. 2d 887 (S.D. Ohio 2007) (Rice, J.) (awarding attorney's fees of $995.04). The requested amount, in and of itself, is certainly not dispositive, but "Rule 4(d)(2) is not intended to be a profit center for counsel." *Wilson*, 2013 WL 3148410, at *2. The Rule permits recovery of fees incurred in preparing the motion for recovery. *Schaller*, 496 F. Supp. 2d at 889. Time spent on emails, conferences, or other efforts to perfect service are not recoverable under Rule 4(d)(2). *RRI Assocs. LLC v. Huntington Way Assocs., LLC*, No. 2:22-cv-3273, 2023 WL 3194723, *2 (S.D. Ohio May 2, 2023) (Watson, J.) ("Plaintiffs are not entitled to the $558.00 in attorney's fees incurred in connection with obtaining service.").

To that end, Plaintiff must show more particularity regarding the use of hours on this matter. *See RRI Assocs. LLC*, 2023 WL 3194723 at *2 ("Simply saying one is entitled to a specific amount in fees does not render one entitled to that amount in

4

fees. The Court cannot assess reasonableness on the basis of this limited information.").

### IV.     Conclusion

For the reasons set forth above, Plaintiff's Motion for Costs and Attorney's Fees Due to the Failure of Defendants Uncle Fred's Tree Service, LLC & Charles Parsons to Waive Service, Doc. #15, is SUSTAINED IN PART. Plaintiff is entitled to collect some amount of money in costs and attorney's fees in connection with the failure to waive, but the amount to be collected is yet to be determined. Accordingly, Plaintiff is ORDERED to file a supplemental notice containing itemized time and billing information to support the motion for attorney's fees within fourteen (14) days from the issuance of this Order. This supplement should not contain any time attributable to the compilation and drafting of the supplement itself, only time that was used in drafting the initial motion for attorney's fees.

Date: September 15, 2025            *Walter W. Rice*

                                    WALTER H. RICE
                                    UNITED STATES DISTRICT JUDGE