IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CASEY URMEY | : | |
| Plaintiff, | | Case No. 3:24-cv-289 |
| v. | : | JUDGE WALTER H. RICE |
| T & S TREE SERVICE, LLC, et al., | | |
| Defendants. | : | |

DECISION AND ENTRY SUSTAINING PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS FOR FAILURE TO WAIVE SERVICE (DOC. #15)

Before the Court is a Motion for Costs and Attorney's Fees Due to the Failure of Defendants Uncle Fred's Tree Service, LLC and Charles Parsons to Waive Service filed by Plaintiff Casey Urmey ("Plaintiff"). Doc. #15. Defendants Uncle Fred's Tree Service, LLC and Charles Parsons (collectively "Uncle Fred's Defendants")[1] failed to respond to the motion within the permitted timeframe and have therefore waived their right to respond.

The Court previously sustained this motion in part, finding that attorney fees are proper in this case. Doc. #20. However, the Court directed Plaintiff to file a

---

[1] Two other Defendants, T & S Tree Service, LLC and Tyler Hughes (collectively "T & S Defendants") are unaffected by the present motion and this Decision.

supplemental memorandum outlining the time Plaintiff claims to be compensable. *Id.* Plaintiff filed the supplemental memorandum claiming a total of 7.6 hours worked between two individuals which translates to $2,201.00 in attorney's fees incurred in connection with the Uncle Fred's Defendants failure to waive service. Doc. #21.

Federal Rule of Civil Procedure 4(d) permits a plaintiff to avoid the costs of personal service by providing a defendant with written notice, through first-class mail or other reliable means, of the commencement of an action and with a request that defendant waive service of summons. Once notified, a defendant "has a duty to avoid unnecessary costs of serving the summons." Fed. R. Civ. P. 4(d)(1). The plaintiff "shall allow the defendant a reasonable time to return the waiver, which shall be at least 30 days from the date on which the request is sent." Fed. R. Civ. P. 4(d)(1)(F). If the defendant does not comply with the request, "the court must impose" costs subsequently incurred in effecting service on the defendant unless good cause for the failure is shown. Fed. R. Civ. P. 4(d)(2). Rule 4(d)(2)(A)–(B) provides that the costs to be imposed on a defendant under paragraph (2) for failure to comply with a request to waive service of a summons shall include the costs subsequently incurred in effecting service, together with the "reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." Fed. R. Civ. P. 4(d)(2).

Plaintiff's initial motion sought fees in the amount of $3,166.00, in addition to $313.36 in costs related to the service. Doc. #15, PageID #52–53. After this Court's previous Entry, which stated the applicable law and directed Plaintiff to provide additional information justifying the request, Plaintiff reduced the request to $2,201.00 in fees and $313.36 in costs. Doc. #21, PageID #89. In addition, Plaintiff provided an invoice which logged each of the hours and provided rationale to justify each of the entries. *Id.* at PageID #90–91.

Because the Court is convinced that Plaintiff's fees and costs are justified in pursuit of effectuating service and because the costs would not have been incurred but for the Uncle Fred's Defendants' failure to waive service, these fees and costs are properly awarded.

For the reasons set forth above, Plaintiff's Motion for Costs and Attorney's Fees Due to the Failure of Defendants Uncle Fred's Tree Service, LLC & Charles Parsons to Waive Service, Doc. #15, is SUSTAINED. Defendants Uncle Fred's Tree Service, LLC & Charles Parsons are ORDERED to pay $2,201.00 in attorney fees and an additional $313.36 in costs associated with service to Plaintiff within 30 days.

Date: October 15, 2025

*Walter H. Rice*

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

3